1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIFFANI WASHINGTON**, | CASE NO. 13-CV-02312-GPC-NLS |
| Plaintiff, | |
| vs. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| **VERICREST FINANCIAL, INC., a Delaware corporation doing business in San Diego, California; CALIBER HOME LOANS, INC., a Delaware corporation and successor to VERICREST FINANCIAL, INC., doing business in San Diego, California; ADAN ROESNER, an individual; KEVIN HAMILTON, an individual; JODIE SEITZ, an individual; and DOES 1 through 50, inclusive.** | [Dkt. No. 3.] |
| Defendants. | |

## I. INTRODUCTION

Presently before the Court is Defendants Vericrest Financial, Inc., Home Loans, Inc., Adan Roesner, Kevin Hamilton, Jodie Seitz, and Shannon Johnson's (collectively "Defendants") Motion to Dismiss Plaintiff Tiffani Washington's ("Plaintiff") First Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). (Dkt. No. 3.) Plaintiff opposed the motion, (Dkt. No. 5) and Defendants replied, (Dkt. No. 6). Pursuant to Civil Local Rule 7.1(d)(1), the Court

finds the matter suitable for adjudication without oral argument. Having considered the parties' submissions and the applicable law, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## II. BACKGROUND[1]

Vericrest hired Plaintiff, an African-American woman, on September 22, 2011, to work as a Bankruptcy/Foreclosure manager. She held this position until her termination on November 13, 2012. Prior to working at Vericrest, Plaintiff acquired years of mortgage default experience dealing with bankruptcies, particularly with the rules and regulations concerning contacting debtors after they have filed for bankruptcy. Plaintiff also possessed familiarity with the Federal Real Estate Settlement Practices Act ("RESPA").

Plaintiff alleges Vericrest's employees contacted debtors during their bankruptcy proceedings in violation of the RESPA. Plaintiff voiced her concern regarding Vericrest's practices to Defendants Roesner and Hamilton, both Caucasian employees, who ignored her claims and told her that Vericrest's calls to debtors were just "soft calls."

Additionally, Plaintiff alleges that unlike her Caucasian counterparts, she was: (1) forced to work nine-hour days; (2) required to attend managers' meetings despite the fact that she was ill; and (3) denied email access on her cell phone. When Plaintiff inquired how to earn a monthly bonus, Hamilton ignored her and she was denied the bonus.

Plaintiff also alleges she was not informed that a Vericrest position, Assistant Vice President for Bankruptcy, had become available until she saw the position posted on the Internet. She applied for the job and forwarded her application to Defendant Hamilton. Vericrest ultimately hired a Caucasian woman, Defendant Seitz, for the position.

---

[1] Unless otherwise noted, all factual allegations in this section are taken from Plaintiff's First Amendment Complaint for Damages (Dkt. No. 1-2).

1    On March 20, 2012, Plaintiff went to Human Resources to complain about the

2    way she was being treated by Defendants. She received four written warnings after

3    this visit. Plaintiff alleges that after speaking with Human Resources, Defendants

4    micro-managed her work assignments and delegated her managerial responsibilities

5    to Defendant Johnson, a "team leader" assigned to the Bankruptcy Department.

6        On July 3, 2012, as a result of her treatment by Defendants, Plaintiff was

7    hospitalized with depression and anxiety. On November 13, 2012, Vericrest

8    terminated Plaintiff while she was on leave pursuant to the Family Medical Leave

9    Act ("FMLA").

10                          **III. PROCEDURAL HISTORY**

11       On July 23, 2013, Plaintiff filed a complaint in California Superior Court

12   (County of San Diego) against Vericrest Financial, Inc.; Home Loans, Inc.; and four

13   individual Defendants. The individual Defendants are Adan Roesner ("Roesner"),

14   Kevin Hamilton ("Hamilton"), Jodie Seitz ("Seitz"), and Shannon Johnson

15   ("Johnson").

16       Plaintiff's Complaint asserts nine causes of action: (1) retaliation; (2)

17   wrongful termination in violation of public policy; (3) harassment based upon race

18   in violation of California's Fair Employment and Housing Act ("FEHA"); (4)

19   discrimination based upon race in violation of the FEHA; (5) retaliation in violation

20   of the FEHA; (6) failure to take reasonable steps to prevent discrimination and

21   harassment in violation of the FEHA; (7) termination in violation of public policy;

22   (8) intentional infliction of emotional distress; and (9) termination in violation of

23   the FMLA. (Dkt. No. 1-2.)

24       On September 25, 2013, Defendants removed this action to federal court

25   pursuant to 28 U.S.C. §§ 1331, 1367. On October 1, 2013, Defendants filed a

26   motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

27   12(b)(6). (Dkt. No. 3.)

28   //

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a motion to dismiss, the court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Thus, dismissal of an action is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).

## V. ANALYSIS

Defendants move for partial dismissal of Plaintiff's Complaint, specifically seeking: (1) dismissal of the First, Second, Fourth, Fifth, and Seventh causes of action as to the Defendants Rosner, Hamilton, Seitz, and Johnson (the "Individual Defendants"); (2) dismissal or consolidation of the First and Fifth Causes of Action for Retaliation on the ground that they are duplicative; and (3) dismissal or consolidation of the Second and Seventh Causes of Action for Wrongful Termination on the ground that they are duplicative. (Dkt. No. 3.)

**A. Individual Defendants**

Defendants move to dismiss the First, Second, Fourth, Fifth, and Seventh causes of action as alleged against Defendants Rosner, Hamilton, Seitz, and Johnson, arguing that Plaintiff may not hold the Individual Defendants liable under the respective causes of action for discrimination and retaliation. (Dkt. No. 3 at 3.) In response, Plaintiff does not oppose dismissal of the Individual Defendants from the First, Second, Fourth, Fifth, and Seventh causes of action alleged in Plaintiff's Complaint. (Dkt. No. 5-1 at 1.) Accordingly, the motion to dismiss the discrimination and retaliation claims against the Individual Defendants is GRANTED, and these claims are dismissed.

**B. Retaliation Claims**

Defendants move to dismiss or consolidate the First and Fifth Causes of Action in Plaintiff's Complaint, alleging retaliation, on the ground that they are duplicative. (Dkt. No. 3 at 4) (citing M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012); Brown & Brown, Inc. v. Cola, 745 F. Supp. 2d 588, 626-27 (E.D. Pa. 2010); Caudill Seed & Warehouse Co., Inc. v. Prophet 21, Inc., 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000)). Defendant provides no reasoning to support this argument, claiming only that the two Causes of Action "both allege claims for retaliation." (Id.) While Defendants' cited authorities may support the fact that a court has discretion to dismiss duplicative causes of action within a Complaint,[2] Defendant has failed to demonstrate that the First Cause of Action is factually duplicative of the Fifth Cause of Action. In response, Plaintiff argues the First Cause of Action alleges retaliation based on complaints to supervisors regarding "illegalities in the workplace" as well as for "requesting leave under the FMLA."

---

[2]The Court notes that M.M. v. Lafayette School District does not support this proposition, as the court in that case considered duplicative claims in two separate cases involving the same parties rather than duplicative causes of action in a single complaint. 681 F.3d at 1091 ("The district court had before it separate motions to dismiss two cases involving the same parties: Case No. 09-3668, the case on appeal here, and Case No. 09-4624.").

(Dkt. No. 5-1 at 1; see also Compl. ¶¶ 34-36.) This claim is distinct from Plaintiff's Fifth Cause of Action for retaliation based on her race under California Government Code section 12940(h). (See Compl. ¶¶ 66-69.)

Appearing to concede that the claims are not duplicative, Defendants present a new contention in their reply brief. Specifically, Defendants argue Plaintiff's First Cause of Action "is seemingly a common law claim for retaliation," and that "no such cause of action exists." (Dkt. No. 6 at 2.) The Court declines to reach this new argument on the merits because Defendants have improperly raised it for the first time in their reply, thereby depriving Plaintiff of the opportunity to respond. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citing Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir. 2003)); Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990); Estate of Anastacio Hernandez-Rojas, No. 11-cv-0522-L(DHB), 2013 WL 5353822 at *3 (S.D. Cal. Sept. 24, 2013) (Lorenz, J.). Accordingly, the Court DENIES Defendants' motion to dismiss or consolidate the First and Fifth Causes of Action in Plaintiff's Complaint.

**C. Wrongful Termination Claims**

Defendants also move to dismiss or consolidate the Second and Seventh Causes of Action in Plaintiff's Complaint, alleging Wrongful Termination, on the ground that they are duplicative. (Dkt. No. 3 at 12.) Plaintiff claims in opposition that the Second and Seventh Causes of Action plead alternative bases for her termination. Specifically, Plaintiff argues her Second Cause of Action alleges a common law claim for wrongful termination in violation of public policy, while her Seventh Cause of Action alleges a statutory wrongful termination claim pursuant to California Government Code section 12940(h). (Dkt. No. 5 at 5.) Given Plaintiff's clarification, Defendants have withdrawn their claim that the two causes of action are duplicative. (Dkt. No. 6 at 2.) Accordingly, the motion to dismiss or consolidate the Second and Seventh Causes of Action is DENIED.

//

## VI. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss. The Court hereby:

1. **GRANTS** Defendants' Motion to Dismiss Plaintiff's First, Second, Fourth, Fifth, and Seventh Causes of Action as to individual Defendants, Roesner, Hamilton, Seitz, and Johnson;

2. **DENIES** as moot Defendants' Motion to Dismiss Plaintiff's Second and Seventh Causes of Action as duplicative; and

3. **DENIES** Defendants' Motion to Dismiss Plaintiff's First and Fifth Causes of Action as duplicative.

4. **VACATES** the motion hearing set to hear the present motion on Friday, February 21 at 1:30 p.m.

Accordingly, Defendants shall file an answer to the Complaint within 14 days of entry of this Order. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**


DATED:  February 18, 2014

HON. GONZALO P. CURIEL
United States District Judge